UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON J. COOPER,

                Petitioner,

v.                              Case No. 3:06-cv-950-J-33TEM

WALTER A. MCNEIL,[1]
et al.,

                Respondents.

_____

**<u>ORDER</u>**

**<u>I. Status</u>**

Petitioner Jason J. Cooper, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on October 30, 2006. Petitioner challenges a 2003 state court (Duval County, Florida) judgment of conviction for possession of a firearm by a convicted felon on the following grounds: (1) ineffective assistance of trial counsel for counsel's (a) failure to impeach Officer Steinberg at the suppression hearing, (b) failure to call

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

the Petitioner to testify, as he requested, and (c) failure to call the witnesses that Petitioner asked to be investigated; (2) ineffective assistance of trial counsel for counsel's (a) failure to object to the State's racially motivated peremptory challenge of an African-American juror, Mr. Harold, (b) failure to competently argue that the State's explanation was pretextual, and (c) failure to preserve the issue for appellate review; (3) ineffective assistance of trial counsel for counsel's failure to object to the improper questions asked during the cross-examination of Petitioner; (4) ineffective assistance of trial counsel for counsel's failure to object and request curative instructions regarding the State's improper closing arguments; (5) ineffective assistance of trial counsel for counsel's failure to object and move for a mistrial when the State improperly informed the jury of the specific nature of his crime of dishonesty; and (6) ineffective assistance of trial counsel based on the cumulative effect of the errors set forth in grounds one through five.

Respondents have responded.  <u>See</u> Respondents' Answer in Response to Order to Show Cause (Doc. #11) (hereinafter Response). In support of their contentions, they have submitted exhibits.[2] Petitioner was given admonitions and a time frame to respond.  <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #4). Petitioner has responded.  <u>See</u> Petitioner's Reply to the

---

[2] The Court will hereinafter refer to Respondents' exhibits, attached to their Response, as "Ex."

Respondents' Response to Order to Show Cause (Doc. #15).  This case is now ripe for review.

## II. Procedural History

On January 22, 2003, Petitioner Cooper was charged with one count of possession of a firearm by a convicted felon, one count of resisting an officer without violence to his or her person, one count of possession of less than twenty grams of cannabis and one count of possession of controlled substance paraphernalia.  Ex. A at 11-12, Information.  Petitioner proceeded to trial on the first count, and the jury found him guilty as charged.  Ex. B, Transcript of the Jury Trial Proceedings (hereinafter Tr.) at 12, 263; Ex. A at 71.  The court adjudged him guilty in accordance with the verdict, found him to be a habitual felony offender and sentenced him to twelve years of imprisonment.  Ex. A at 87-94.

Petitioner appealed and raised the following claims:  (1) the trial court deprived Petitioner of his federal and state constitutional rights to a jury chosen in a nondiscriminatory manner, and (2) the trial court erred in denying Petitioner's Rule 3.800(b)(2) motion challenging the imposition of a minimum mandatory term of three years.  Ex. D, Initial Brief of Appellant.  The State filed an Answer Brief.  Ex. E.  On August 12, 2004, the appellate court per curiam affirmed without issuing a written opinion.  Cooper v. State, 880 So.2d 1214 (Fla. 1st DCA 2004); Ex. F.  The mandate was issued on August 30, 2004.  Ex. G.

3

On or about October 20, 2004, Petitioner filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following grounds: (1) ineffective assistance of trial counsel for counsel's (a) failure to impeach Officer Steinberg at the suppression hearing, (b) failure to call the Petitioner to testify, as he requested, and (c) failure to call the witnesses that Petitioner asked to be investigated; (2) ineffective assistance of trial counsel for counsel's (a) failure to object to the State's racially motivated peremptory challenge of an African-American juror, Mr. Harold, (b) failure to competently argue that the State's explanation was pretextual, and (c) failure to preserve the issue for appellate review; (3) ineffective assistance of trial counsel for counsel's failure to object to the improper questions asked during the cross-examination of Petitioner; (4) ineffective assistance of trial counsel for counsel's failure to object and request curative instructions regarding the State's improper closing arguments; and (5) ineffective assistance of trial counsel for counsel's failure to object and move for a mistrial when the State improperly informed the jury of the specific nature of his crime of dishonesty. Ex. H at 1-16. Petitioner then amended the motion to add the following final claim: (6) ineffective assistance of trial counsel based on the cumulative effect of the errors set forth in grounds one through five. Id. at 17-32.

4

The court conducted an evidentiary hearing on the first ground of Petitioner's motion for post conviction relief. Id. at 57-117, Transcript of the Evidentiary Hearing (hereinafter EH Tr.). The court denied relief on all of the grounds. Id. at 49-54. On appeal, Petitioner submitted a brief raising only ground one. Ex. I. The State filed an Answer Brief. Ex. J. On May 31, 2006, the appellate court per curiam affirmed without issuing a written opinion. Cooper v. State, 931 So.2d 904 (Fla. 1st DCA 2006); Ex. K. The mandate was issued on June 27, 2006. Ex. L.

The Petition is timely filed within the one-year period of limitation. See 28 U.S.C. § 2244(d); Response at 3-4.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The pertinent facts of the case are fully developed in the record

before the Court.  <u>Smith v. Singletary</u>, 170 F.3d 1051, 1054 (11th Cir. 1999).  Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).  Therefore, an evidentiary hearing will not be conducted by this Court.

### IV.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA.  <u>Nelson v. Alabama</u>, 292 F.3d 1291, 1294-95 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 926 (2003); <u>Fugate v. Head</u>, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1104 (2002); <u>Wilcox v. Florida Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 531 U.S. 840 (2000).  Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11th Cir. 2002)." <u>Stewart v. Sec'y, Dep't of Corr.</u>, 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief
> for a claim adjudicated on the merits in state
> court only if the state court adjudication
> resulted in a decision that was:  "(1) . . .

contrary to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303.   The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)."  Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination

---

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold."  Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003). <u>See</u> <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance

8

>prejudiced him. Id. That is, "[t]he
>defendant must show that there is a reasonable
>probability that, but for counsel's
>unprofessional errors, the result of the
>proceeding would have been different. A
>reasonable probability is a probability
>sufficient to undermine confidence in the
>outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir.
2007). "Establishing these two elements is not easy: 'the cases in
which habeas petitioners can properly prevail on the ground of
ineffective assistance of counsel are few and far between.'" Van
Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir.
2002) (per curiam) (citations and footnote omitted), cert. denied,
537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit recently stated:

>The Supreme Court has established certain
>principles and presumptions to guide our
>review of ineffectiveness claims under the
>flexible, case-specific standards of
>Strickland. We engage only in a "highly
>deferential" review of counsel's performance
>and "indulge a strong presumption that
>counsel's conduct falls within the wide range
>of reasonable professional assistance; that
>is, the defendant must overcome the
>presumption that, under the circumstances, the
>challenged action might be considered sound
>trial strategy." Strickland, 466 U.S. at 689,
>104 S.Ct. at 2065 (quotation omitted). As a
>result of this presumption, a petitioner must
>show "that no competent counsel would have
>taken the action that his counsel did take."
>Chandler v. United States, 218 F.3d 1305, 1315
>(11th Cir. 2000) (en banc). Thus, "where the
>record is incomplete or unclear about
>[counsel]'s actions, we will presume that he
>did what he should have done, and that he
>exercised reasonable professional judgment."

> *Id*. at 1314 n. 15 (quoting <u>Williams v. Head</u>,
> 185 F.3d 1223, 1228 (11th Cir. 1999)).
> Moreover, because the standard is an objective
> one, trial counsel's admission that his
> performance was deficient "matters little."
> <u>Id</u>. at 1315 n.16.  We must also avoid "the
> distorting effects of hindsight" and evaluate
> the reasonableness of counsel's performance
> from the perspective of counsel at the time
> the acts or omissions were made.  <u>Strickland</u>,
> 466 U.S. at 689, 104 S.Ct. at 2065.

<u>Jennings v. McDonough</u>, 490 F.3d 1230, 1243-44 (11th Cir. 2007).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that counsel was ineffective for (a) failure to impeach Officer Steinberg at the suppression hearing, (b) failure to call the Petitioner to testify at the suppression hearing, as he requested, and (c) failure to call the witnesses that Petitioner asked to be investigated.  As acknowledged by the parties, Petitioner raised ground one in his Rule 3.850 motion.  On June 21, 2005, an evidentiary hearing was conducted on ground one and the sub-issues.  EH Tr. at 60.  After the evidentiary hearing, the postconviction court adjudicated this claim on the merits, stating in pertinent part:

> This matter comes before the Court on
> Defendant's Motion For Post-Conviction Relief
> filed pursuant to Florida Rule of Criminal
> Procedure 3.850 regarding a claim of
> ineffective assistance of counsel.
>
> Defendant was convicted, following a jury
> trial, of one count of Possession of a Firearm
> by a Convicted Felon and was sentenced to
> twelve years in prison (Habitual Offender

10

Status) with a three year minimum mandatory provision. Defendant's conviction and sentence were affirmed on appeal.

The State filed a response to the Defendant's Motion, and the Defendant filed an answer to the State's response. Based on a review of the record, including the affirmance of the Defendant's conviction on appeal, Grounds 2 through 6 were denied without holding an evidentiary hearing.[4]  On June 21st, 2005, an evidentiary hearing was held to resolve disputed issues of fact under Ground 1 of the Defendant's Motion.

Defendant contends that his counsel at the trial level (Assistant Public Defenders Valerie Limoge - Suppression Motion; and Debra Billard - Trial, Office of the Public Defender, Jacksonville) were ineffective in the following manner:

Ground 1. Failure to effectively impeach an officer's testimony, failure to call the Defendant to testify, failure to call defense witnesses to testify at a motion to suppress hearing, and failure to call "alibi" witnesses at trial;

Ground 2. Failure to object to a State peremptory challenge of a particular juror;

Ground 3. Failure to object to allegedly improper cross-examination of the Defendant;

Ground 4. Failure to object to improper closing argument by the State;

Ground 5. Failure to object or move for a mistrial when the nature of the Defendant's crime of dishonesty was brought up; and

---

[4] At the evidentiary hearing, the trial judge explained that he had denied "the other issues," but would include an explanation in his final order.  See EH Tr. at 114-15.

Ground 6. The cumulative effect of the above allegations renders his conviction unlawful.

. . . .

With respect to the first [g]round, an evidentiary hearing was held by the trial court on July 17th, 2003, on the Amended Suppression Motion (seeking suppression of the items seized from the Defendant, which did not include the weapon which he had "abandoned" during the pursuit) and the Defendant's confession.[5]

A. Reserve Officer Steinberg and Detectives Carney and Cobb testified and were all thoroughly cross-examined by the defense. The record reveals that Detective Clark, who had initially requested the detention of the bicycle-riding Defendant on suspicion that he was acting as a lookout for drug dealers conducting drug transactions at that location and time, was unavailable to testify on that date. However, Reserve Officer Steinberg, who did testify, was riding in the vehicle with Detective Clark at all relevant times. The matters raised in the Defendant's motion were discussed in cross-examination by Ms. Limoge.[6] Although Reserve Officer Steinberg was not specifically impeached at the suppression hearing regarding his statement in

---

[5] Counsel sought to suppress the marijuana and paraphernalia and his statements, and the trial judge suppressed the marijuana and paraphernalia, but not his statements or the gun. Ex. A at 29-31, Amended Motion to Suppress Evidence and Statements; Ex. A at 32, Order granting in part and denying in part the Amended Motion to Suppress Evidence and Statements as stated on the record; Ex. C, Transcript of the Suppression Hearing at 16-18; EH Tr. at 94, 97-98, 100.

[6] At the suppression hearing, Ms. Edwards (co-counsel) effectively cross-examined Officer Steinberg and conferred with counsel (Ms. Limoge) regarding further cross-examination. Ex. A at 125-35. Further, Ms. Limoge argued that Officer Steinberg's testimony was not credible. Ex. C at 5-7.

deposition that "it was too dark for me to see if he did anything," his specific deposition statement was raised as impeachment material during the testimony at trial for the jurors' consideration (Transcript, p. 127). It is apparent from the record of the proceedings that additional impeachment of Reserve Officer Steinberg's testimony during the suppression hearing would not have resulted in a different ruling on the suppression motion had it been raised in that proceeding.

B. The matters which the Defendant states he wished to testify[7] about would not have persuaded the Court to rule differently during the hearing on the motion to suppress, and would have subjected him to cross-examination by the State during the hearing.[8] When the Defendant states in his motion "Defendant never told Steinberg that he had the gun," that testimony, if elicited from the Defendant at the motion hearing, would have clearly been disbelieved because of the detailed description of certain distinctive characteristics of the weapon that Reserve Officer Steinberg testified the Defendant had provided during his interview. The State also had the option to call Detective Clark when he became available to testify, to further refute the Defendant's proffered denial.

C. Lastly, the other described witnesses the Defendant might have wished to call could have provided no relevant testimony regarding the observations of the Defendant made by law enforcement officers who testified during the hearing on the motion to suppress. Where the Defendant had come from, where he was headed, and what his initial reason might have been

---

[7] Petitioner is referring to the suppression hearing. Petitioner testified at the jury trial.

[8] At the evidentiary hearing, Ms. Limoge testified that his testimony would not have been helpful or relevant to the issues of the suppression motion. EH Tr. at 97-100. Specifically, she noted that "he had nothing to contribute." Id. at 97.

for being in the area where he was arrested would not have been relevant to the resolution of the suppression motion.[9] With regard to calling "alibi" witnesses at trial, the nature of the testimony which the Defendant believed would be relevant does not rise to an effective "alibi." He was arrested at the scene of the alleged crime at the time the alleged crime was committed. Furthermore, Ms. Limoge testified at the hearing on the instant motion, and stated that she had contacted the one witness whose name was provided to her by the Defendant, and that witness was unable to provide any relevant testimony to support any sort of an "alibi." Ms. Limoge testified that the time frames during which the witness was in contact with the Defendant were hours removed from the time of his arrest.[10]

Ex. H at 49-52.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable

---

[9] See EH Tr. at 88-91, 93-94, 96-97.

[10] See EH Tr. at 88.

application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ineffectiveness claim to be without merit. The state court found the testimony of defense counsel to be more credible than that of the Petitioner Cooper. The Court notes that credibility determinations are questions of fact. See Martin v. Kemp, 760 F.2d 1244, 1247 (1985) (per curiam) (finding that factual issues include basic, primary, or historical facts, such as external events and credibility determinations). Petitioner has not rebutted the trial court's credibility finding by clear and convincing evidence. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Given the trial court's credibility determination, it is clear that Petitioner's claim must fail.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the

15

action that counsel, here, chose.  <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003).  Counsel's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged she should have provided. Thus, the ineffectiveness claim is without merit.

## B. Ground Two

As ground two, Petitioner contends counsel was ineffective for (a) failure to object to the State's racially motivated peremptory challenge of an African-American juror, Mr. Harold, (b) failure to competently argue that the State's explanation was pretextual, and (c) failure to preserve the issue for appellate review.  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.  However, Respondents contend that Petitioner failed to include this claim in the appeal of the Rule 3.850 and therefore did not sufficiently exhaust the issue.  Response at 13-14.  As previously noted, Petitioner submitted an appellate brief, raising only ground one.  Ex. I.

Under Florida law, in an appeal from the summary denial of a Rule 3.850 motion without an evidentiary hearing, no appellate briefs are required.  <u>See</u> Fla. R. App. P. 9.141(b)(2)(C).

16

Therefore, "a petitioner who does file a brief in an appeal of the summary denial of a Rule 3.850 motion does not waive any issues not addressed in the brief." Darity v. Sec'y, Dep't of Corr., 244 Fed. Appx. 982, 984 (11th Cir. 2007) (not selected for publication in the Federal Reporter) (citation omitted). Here, Petitioner filed an appellate brief to address ground one, which was denied after an evidentiary hearing; he did not include any of the other issues. However, Petitioner's Notice of Appeal (Ex. H at 55-56) is sufficient to represent his appeal of all of the issues raised in his Rule 3.850.[11] Thus, Petitioner has sufficiently exhausted this ground.

In denying this claim, the postconviction court adjudicated the claim on the merits, stating in pertinent part:

> With respect to Ground 2, the correct procedures for addressing the possibility of an improper peremptory challenge were followed during jury selection by counsel and the Court, as amply demonstrated by the transcript.[12] The matter was raised on direct appeal, and the Defendant's conviction was affirmed.[13] Additionally, nothing in the Defendant's present motion supports the proposition that the outcome of the trial would have been any different had the empaneled jury been different. Prejudice cannot be presumed in these circumstances.

---

[11] The Notice of Appeal (Ex. H at 55-56) cites to Fla. R. App. P. 9.141(b)(2), which refers to the summary denial of a motion for post conviction relief without an evidentiary hearing.

[12] See Tr. at 77-78.

[13] See Ex. D; Ex. E; Ex. F.

> *See State* v. *Chattin,* 877 So.2d 747 (Fla. 2d
> DCA 2004)(denying post-conviction relief where
> prejudice could not be demonstrated).

Ex. H at 52.

Accordingly, this claim was rejected on the merits by the state trial court. Thus, there is a qualifying state court decision. This claim should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, this claim is without merit. See Response at 16-18.

## C. Ground Three

As ground three, Petitioner claims that counsel was ineffective for failure to object to the improper questions asked during the cross-examination of Petitioner. As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion. However, Respondents contend that Petitioner failed to include this claim in the appeal of the Rule 3.850 and therefore did not sufficiently exhaust the issue. Response at 18-19. For the

reasons stated with regard to ground two, Respondents' contention that this ground is now procedurally barred from review in this Court is unavailing.   Petitioner has sufficiently exhausted this ground.

Specifically, Petitioner claims that defense counsel should have objected to the prosecutor's improper questions.   On cross-examination of Petitioner, the prosecutor inquired as follows:

> [PROSECUTOR]: Thank you.  Who is Samary?
>
> [PETITIONER]: I don't know.
>
> [PROSECUTOR]: **So when the police stated that during their interview that you said you got the gun from Samary, they just made that up?**
>
> [PETITIONER]: Yes.
>
> [PROSECUTOR]: **They didn't make up Mary or Jane, they made up Samary?**
>
> [PETITIONER]: Yes.
>
> . . . .
>
> [PROSECUTOR]: **So if Reserve Officer Steinberg never inspects the gun, never sees the gun, how in the world does this information just made up about the magazine being broken and something needed to be stuck in it, if they didn't know that, where did that information come from?**
>
> [PETITIONER]: I don't know.
>
> [PROSECUTOR]: Because you heard doctor – you heard Peter Lardizabal say that the magazine won't stay in, right?
>
> [PETITIONER]: Yes, ma'am.

19

[PROSECUTOR]: **But your testimony here you said the police just happen to make that up?**

[PETITIONER]: Yes, ma'am.

[PROSECUTOR]: And it just so happens that the gun itself has that exact problem?

[PETITIONER]: Yes, ma'am.

Tr. at 211, 215 (emphasis added).

In denying this claim, the postconviction court adjudicated the claim on the merits, stating in pertinent part:

> With respect to Ground 3, the Defendant complains that the State asked improper questions on his cross-examination. A reading of the transcript of the Defendant's direct and cross-examination reveals no improper questioning by the State. The Assistant State Attorney simply asked entirely appropriate questions, designed to probe the credibility of the Defendant's direct testimony. The questioning was proper, concise, and obviously effective. There was no opportunity for the Defendant's counsel to object successfully to the form or substance of any of the Assistant State Attorney's questions.

Ex. H at 52-53.

This claim was rejected on the merits by the state trial court and therefore should be addressed applying the deferential standard for federal court review of state court adjudications. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and

20

was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, this claim is without merit.  <u>See</u> Response at 19-21.

### D. Ground Four

As ground four, Petitioner contends that counsel was ineffective for failure to object and request curative instructions regarding the State's improper closing arguments.  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.  However, Respondents contend that Petitioner failed to include this claim in the appeal of the Rule 3.850 and therefore did not sufficiently exhaust the issue.  Response at 21-22.  For the reasons stated with regard to ground two, Respondents' contention that this ground is now procedurally barred from review in this Court is unavailing.  Petitioner has sufficiently exhausted this ground.

Specifically, Petitioner claims that Ms. Billard (trial counsel) should have objected and requested curative instructions regarding the prosecutor's following comments in closing arguments.

> Now, the defendant wants you to believe that this is just some huge, gigantic conspiracy against him, it's just a conspiracy that the officers are fabricating everything.  But to believe that you have to think that Reserve Officer Steinberg who has never met this defendant a day in his life before has some sort of vendetta or action to grind against this defendant, and that he is being unlawful when he tells you what he saw on that field, that he saw the defendant stop and make a movement and drop the weapon.

21

You also have to completely disbelieve
Reserve Office Steinberg to believe the
defendant's version that this right's form
that was executed at 2150 was actually done at
the very end of the interrogation after they
had aggressively moved toward him and asked
him about all these drug questions, then
they're going to go ahead and just for kicks
fill this out just to make it look pretty.

But the conspiracy doesn't stop there,
you have to believe that Reserve Officer
Steinberg and Detective Clark made up the
whole story about Samary and the gun being
broken, where the gun was, all of that.

. . . .

These are professionals, these are ten, 11 and
13 year veterans of JSO [(Jacksonville
Sheriff's Office)], Reserve Officer Steinberg
is a professional, he is a surgeon, he gives
his time to the Jacksonville Sheriff's Office
for free. He's not some angry police officer
out there grinding axes. He's doing it
because he wants to do it.

. . . .

And this defendant is not stupid, he's
been around the block, he knows what's going
on. Been there, done that. He's not going to
be a fool and put it in writing because he can
get up on the stand after listening to the
officers testify all day –

Tr. at 227-28, 247, 249.  Ms. Billard did object to the third

comment concerning "defendant is not stupid," and the trial judge

sustained her objection and told the prosecutor to "move onto

something else."  Id. at 249.

In denying this claim, the postconviction court adjudicated

the claim on the merits, stating in pertinent part:

> With respect to Ground 4, the Defendant complains that the State made improper statements during closing argument. A review of the trial transcript reveals that, at one point (Transcript, p. 249), the Defendant's counsel objected to a statement during the State's closing argument, the Court immediately sustained the objection, and then immediately directed the State to "move on to something else." A review of the entire argument, and placing this matter in that context, does not disclose any error on the part of the Defendant's counsel at trial. The jurors would not have needed any additional instruction under these circumstances to understand that the State's argument did not meet with the Court's approval. A decision not to request an additional curative instruction under these circumstances was entirely appropriate on the part of the Defendant's counsel. Her point had been made, and the State was advised to move on to other matters.

Ex. H at 53.

This claim was rejected on the merits by the state trial court and therefore should be addressed applying the deferential standard for federal court review of state court adjudications. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Further, this ineffectiveness claim is without merit.  <u>See</u> Response at 22-25.

## **E. Ground Five**

As ground five, Petitioner claims that counsel was ineffective for failure to object and move for a mistrial when the State improperly informed the jury of the specific nature of Petitioner's crime of dishonesty.  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.  However, Respondents contend that Petitioner failed to include this claim in the appeal of the Rule 3.850 and therefore did not sufficiently exhaust the issue.  Response at 25.  For the reasons stated with regard to ground two, Respondents' contention that this ground is now procedurally barred from review in this Court is unavailing. Petitioner has sufficiently exhausted this ground.

Specifically, Petitioner challenges the following comment by the prosecutor in the closing argument:

> Ladies and gentlemen, the defendant is an eight time convicted felon and he has a crime of dishonesty, **a petit theft**.  You can take that in consideration in judging whether or not his testimony is as it should be to you.

Tr. at 230 (emphasis added).

In denying this claim, the postconviction court adjudicated the claim on the merits, stating in pertinent part:

> With respect to Ground 5, the Defendant complains that the State mentioned on page 230 of the transcript, during closing argument, that "the defendant is an eight time convicted

24

> felon and he has a crime for dishonesty, a
> petit theft." In view of the fact that the
> Defendant was already an eight time convicted
> felon, the fact that his additional crime of
> dishonesty was a single petit theft would have
> had no adverse impact on the jurors
> whatsoever. Description of the dishonesty
> offense as "petit theft" would actually have
> limited the jurors from speculating that it
> might have been a more serious offense.

Ex. H at 53-54.

This claim was rejected on the merits by the state trial court and therefore should be addressed applying the deferential standard for federal court review of state court adjudications. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Further, this ineffectiveness claim is without merit. <u>See</u> Response at 26-28. Pursuant to Fla. Stat. § 90.610(1), a party may attack the credibility of a witness by evidence that the witness has been convicted of a felony or a crime involving dishonesty.[14] The general rule for impeachment by prior convictions is that the State is restricted to asking a witness if he or she has been

---

[14] Theft is a crime of dishonesty under § 90.610. <u>State v. Page</u>, 449 So.2d 813 (Fla. 1984).

previously convicted of a crime, and if so, the number of times. Fotopoulos v. State, 608 So.2d 784, 791 (Fla. 1992). An exception exists, however, when the witness attempts to mislead the jury about his prior convictions. In those circumstances, the State is entitled to inquire further about the prior convictions to dispel any false impression that may have been given. Id. Thus, the prosecutor's comment that Petitioner's crime of dishonesty was a petit theft violated this prohibition.[15]

However, this error did not entitle Petitioner to a mistrial. A mistrial is appropriate in a Florida criminal proceeding only when the error committed was "so prejudicial as to vitiate the entire trial." Lidiano v. State, 967 So.2d 972, 979 (Fla. 3rd DCA 2007) (citing Duest v. State, 462 So.2d 446, 448 (Fla. 1985)). Here, the comment was not "so prejudicial as to vitiate the entire trial." As noted by the postconviction court, Petitioner was already an eight-time convicted felon. Thus, the disclosure of the fact that his additional crime of dishonesty was a single petit theft would have had no adverse impact on the jurors' decision making.

Counsel's performance in failing to object or move for a mistrial was not deficient. Even assuming *arguendo* deficient

---

[15] See Tr. at 196, 209 (where Petitioner answered and/or affirmed that he had been convicted of a felony eight times and had been convicted once of a misdemeanor involving dishonesty or false statement).

performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged she should have provided.  Thus, the ineffectiveness claim must fail.

### F. Ground Six

As ground six, Petitioner claims counsel was ineffective based on the cumulative effect of the errors set forth in grounds one through five.  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.  However, Respondents contend that Petitioner failed to include this claim in the appeal of the Rule 3.850 and therefore did not sufficiently exhaust the issue. Response at 28-29.  For the reasons stated with regard to ground two, Respondents' contention that this ground is now procedurally barred from review in this Court is unavailing.  Petitioner has sufficiently exhausted this ground.

In denying this claim, the postconviction court adjudicated the claim on the merits, stating in pertinent part:

> With respect to Ground 6, the *de minimus* nature of the majority of the Defendant's claims, combined with their complete lack of substance, would not, when combined, have yielded a different result at trial, in view of the weighty and believable evidence that persuaded the jury of his guilt. The Defendant was ably represented by several attorneys at the various stages of the proceedings, and received a fair trial.

Ex. H at 54.

27

This claim was rejected on the merits by the state trial court and therefore should be addressed applying the deferential standard for federal court review of state court adjudications.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 23rd day of April, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

28

sc 4/22
c:
Jason J. Cooper
Ass't Attorney General (Winokur)